IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 2798 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff David C.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request for reversal of the Commissioner's decision [Doc. No. 22] is denied, and Defendant's request for affirmance of the Commissioner's decision [Doc. No. 24] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On June 15, 2017, Plaintiff filed a claim for DIB, alleging disability since June 7, 2015. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 11, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 28, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 7, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the right shoulder; and degenerative joint disease/osteoarthritis of the right hip. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally stoop, kneel, crouch, crawl, and climb; and can frequently reach overhead with the right, non-dominant, upper extremity. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a composite street sweeper operator or composite dump truck driver. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's finding that Plaintiff can perform a range of light work is not supported by substantial evidence; and (2) the ALJ's credibility finding was patently erroneous. Each argument will be addressed below in turn.

#### A. The ALJ's Finding That Plaintiff Could Perform Light Work

Plaintiff maintains that the ALJ's determination that Plaintiff could perform light work (as further restricted by the ALJ) is not predicated on substantial evidence. The Court disagrees. In arriving at her conclusion, the ALJ relied, *inter alia*, on the opinions of three physicians. With respect to the opinion of Dr. Avi Bernstein, the ALJ stated as follows:

> The undersigned considered the opinion of Avi Bernstein, M.D., rendered March 2, 2017, and found it persuasive. Dr. Bernstein opined the claimant could participate in light duty physically demanding work with a lifting restriction of 20 pounds. While ambiguous as to other

6

> function by function limitations, the undersigned finds Dr. Bernstein's opinion consistent with and supported by the evidence suggesting the claimant can perform work at the light exertional level. Accordingly, the undersigned found this opinion persuasive.

(R. 28 (citation omitted).)

With respect to the opinion of Dr. Charles Kenney, the ALJ stated as follows:

> The undersigned considered the opinion of Charles Kenney, M.D., rendered after a review of the record at the initial level on September 7, 2017, and found it persuasive. Dr. Kenney found the claimant was capable of performing work at the light exertional level, sitting for about six hours of an eight-hour day, and standing and/or walking for about six hours of an eight-hour day. He found the claimant could frequently climb ramps and stairs, balance, kneel, crouch, and crawl and occasionally climb ladders, ropes, and scaffolds. Additionally, it was found the claimant had no manipulative, visual, communicative, or environmental limitations. The undersigned finds this opinion consistent with the evidence, including the other relevant opinions found in the record, and therefore found it persuasive.

(*Id.* at 28 (citation omitted).

With respect to the opinion of Dr. Reynaldo Gotanco, the ALJ stated as follows:

> The undersigned considered the opinion of Reynaldo Gotanco, M.D., rendered on October 13, 2017 after a review of the record at the reconsideration level, and found it persuasive. Dr. Gotanco found the claimant could perform work at the light exertional level, sitting for about six hours in an eight-hour day and standing and/or walking for about six hours in an eight hour day. He assessed the claimant was capable of occasionally climbing ramps, stairs, ladders, ropes, and scaffolds, as well as occasionally stoop[ing] and crawling. No limitations were assessed on balancing, and it was opined the claimant could frequently kneel and crouch. The undersigned finds Dr. Gotanco's opinion consistent with the record and the opinions above, and as such, found it persuasive.

(*Id.* at 28-29 (citation omitted).)

7

In addition to the medical evidence she cited elsewhere, the ALJ was entitled to rely on the expertise of three physicians in finding Plaintiff could perform a range of light work. The three opinions rendered by those doctors unquestionably constitute "substantial evidence" sufficient to underpin the ALJ's conclusion. *See Minnis v. Sec'y of HHS*, No. 91 C 4399, 1992 U.S. Dist. LEXIS 5491, at *16 (N.D. Ill. Apr. 8, 1992) ("[T]he testimony of the three doctors . . . constitutes substantial evidence to support the ALJ's decision."); *Richardson*, 402 U.S. at 401 (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Accordingly, the first point of error raised by Plaintiff fails and does not provide a basis for remanding this matter.

### B. Plaintiff's Subjective Symptoms

Concerning Plaintiff's reported physical limitations, the ALJ noted Plaintiff's testimony that "his impairments limited his ability to walk, sit, perform normal activities, get dressed, shower, and perform household chores." (R. 20.) The ALJ also noted that Plaintiff "reported he was limited in his ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs." (*Id.* at 21.) However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

Pertinent to the credibility of Plaintiff's reported symptoms, the ALJ noted throughout her decision that Plaintiff had been found to engage in "symptom magnification and pain out of proportion to the physical examination findings." (*Id.*

8

at 22.) The ALJ also noted throughout her decision that Plaintiff gave "submaximal effort" during his examinations and engaged in "chronic opioid use, including taking non-prescriptive narcotics." (*Id.* at 23, 25). The ALJ further found that Plaintiff's "activities of daily living, including caring for pets, preparing meals, driving, doing laundry, using a riding mower to cut grass, and handling his own finances and medical care . . . strongly suggest the alleged severity of his impairments exceed the actual limitations he experiences." (*Id.* at 30.)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). With that standard in mind, the Court finds that, per the ALJ's rationales outlined above, the ALJ reasonably determined that Plaintiff's subjective symptoms were not fully corroborated. *See Atkins v. Saul*, 814 F. App'x 150, 155 (7th Cir. 2020) ("Here, the ALJ otherwise explained his conclusion adequately. He explained that the objective medical evidence and Atkins's daily activities did not corroborate his subjective symptoms.") (citations and internal quotations omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Contrary to Plaintiff's assertions, the ALJ did not err by considering Plaintiff's daily activities. *See Green v. Saul*, 781 F. App'x 522, 526 (7th Cir. 2019) ("ALJs are tasked with reviewing the evidence provided and assessing whether a claimant is exaggerating

9

the effects of her impairments, and reviewing daily-living activities is an important part of that evaluation.") (citations omitted); *Jeske v. Saul*, 955 F.3d 583, 593 (7th Cir. 2020) (ALJ properly "considered [the claimant's] activities to determine whether her symptoms were as severe and limiting as she alleged"). Ultimately, Plaintiff has not shown that the ALJ's evaluation of his symptoms and allegations was "patently wrong," as was his burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well-taken. Accordingly, Plaintiff's request for reversal of the Commissioner's decision [Doc. No. 22] is denied, and Defendant's request for affirmance of the Commissioner's decision [Doc. No. 24] is granted.

**SO ORDERED.**      **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **November 30, 2021**

    **HON. MARIA VALDEZ**
    **United States Magistrate Judge**